**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 13, 2022

LETTER TO PARTIES

> RE:  *LaTisha P. v. Kijakazi*
>      Civil No. SAG-21-2644

Dear Plaintiff and Counsel:

On September 30, 2021, Plaintiff LaTisha P. ("Plaintiff" or "Claimant"), proceeding *pro se*, filed a complaint in Maryland district court, asserting that the Social Security Administration ("SSA" or "Commissioner" or "Defendant") issued an erroneous decision as to Plaintiff's claim for social security benefits. ECF No. 1. This case was removed to this Court on behalf of the SSA on October 14, 2021. *Id.* On February 11, 2022, the Commissioner filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or, in the alternative, for Summary Judgment pursuant to FRCP 12(d) and 56. ECF No. 16. I have carefully reviewed the parties' filings, including Plaintiff's Complaint, the Commissioner's Motion to Dismiss, Plaintiff's response, and all of the attachments therein. ECF No. 1, 16, 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Commissioner's motion must be granted.

Rule 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling him to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal citation omitted) (internal quotation marks omitted). In adjudicating a motion to dismiss, the Court considers only those facts and allegations contained on the face of the complaint, FRCP 12(d), with limited exceptions. S*ee Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, I will also consider the Commissioner's attached Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, SSA. Podraza Decl. 1–5, ECF No. 16-2. Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to FRCP 56.[1] Fed. R. Civ. P. 12(d).

---

[1] Courts retain discretion under Rule 12(d) to convert a Rule 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v.*

*LaTisha P. v. Kijakazi*
Civil No. SAG-21-2644
June 13, 2022
Page 2

In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

## I.    FACTUAL BACKGROUND

Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), as well as an application for Supplemental Security Income ("SSI") under Title XVI of the Act, on September 13, 2013. Podraza Decl. ¶ (3)(a) at 2–3, ECF No. 16-2 (citing Exs. 1 –2, ECF No. 16-2). On January 7, 2014, the SSA denied Plaintiff's applications at the initial level of review. *Id.* at ¶ (3)(a) at 3 (citing Exs. 3–4, ECF No. 16-2). Plaintiff's claims were also denied at the reconsideration level of review on March 11, 2014. *Id.* (citing Exs. 5–7, ECF No. 16-2). On April 29, 2014, with the help of her representative, Jonathan Isaac Rotstein, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), which the hearing office acknowledged on May 12, 2014. Podraza Decl. ¶ (3)(b) at 3, ECF No. 16-2 (citing Exs. 8–9, ECF No. 16-2). Plaintiff elected not to appear at the ALJ hearing by video conference, indicating that Plaintiff "object[ed] to National Hearing Centers only." Podraza Decl. ¶ (3)(b) at 3, ECF 16-2 (citing Exs. 10–11); Pl.'s Obj. to Video Teleconf., Ex. 11 at 54, ECF No. 16-2.

On September 24, 2015, the SSA mailed Plaintiff and her representative, Jonathan Rotstein, a "Notice of Hearing" letter, which scheduled Plaintiff's ALJ hearing for December 14, 2015 in Tampa, Florida. Podraza Decl. ¶ (3)(c) at 3, ECF No. 16-2 (citing Ex. 12, ECF No. 16-2). "However, the plaintiff's notice was returned by the U.S. Postal Service and not delivered to the plaintiff (Exhibit 13). The representative withdrew from the case in a letter dated October 19, 2015 (Exhibit 14)." Podraza Decl. ¶ (3)(c) at 3, ECF No. 16-2. On November 30, 2015, Plaintiff was sent a reminder about her ALJ hearing scheduled for December 14, 2015, but this notice was also returned by the U.S. Postal Service. Podraza Decl. ¶ (3)(d) at 3, ECF No. 16-2 (citing Exs. 15–16). The SSA hearing office "attempted to contact the plaintiff by telephone on December 9, 2015 with no luck. *Id.* (citing Ex. 17) (noting that an SSA official found Plaintiff's mother's number in Plaintiff's file and was able to leave a message for a return call as soon as possible).

Plaintiff did not appear at the hearing scheduled for December 14, 2015. Podraza Decl. ¶ (3)(d). On December 28, 2015, the ALJ sent Plaintiff a letter stating, "[s]ince you did not appear at your hearing, you will need to show good cause if you still want to have a hearing with an [ALJ]. Please complete and sign the enclosed [Request to Show Cause for Failure to Appear] form and return it to our office within ten (10) days. A return envelope is enclosed for your convenience." Podraza Decl. ¶ (3)(e) at 3, ECF No. 16-2 (citing Ex. 18). The next day, Plaintiff called the hearing

---

*Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

office and provided a new address, which an SSA official recorded in a report of contact in Plaintiff's file. *Id.* at ¶ (3)(e) at 3–4 (citing Ex. 19). The ALJ sent Plaintiff a letter that same day, December 29, 2015, with the same instruction to complete the "Request to Show Cause for Failure to Appear" form. *Id.* At the request of Plaintiff, a copy of the form was also faxed to her at Tri County Services, the detox rehabilitation facility in Bartow, Florida that Plaintiff indicated she would be moving to for two months. *Id.* at ¶ (3)(e) at 4 (citing Ex. 21). On January 5, 2016, hearing office personnel spoke to Plaintiff by phone, reminding her to submit the completed "Request to Show Cause for Failure to Appear" form. *Id.* at ¶ (3)(f) at 4 (citing Ex. 22). The hearing office attempted to contact Plaintiff again on January 13, 2016, but was unsuccessful. *Id.* (citing Ex. 23).

On January 25, 2016, the ALJ dismissed Plaintiff's April 29, 2014, request for hearing, after finding that there was no good cause for Plaintiff's failure to appear. Podraza Decl. ¶ (3)(g) at 4, ECF 16-2 (citing Ex. 24). In his Order of Dismissal, the ALJ wrote that Plaintiff "did not establish that she was in a detox facility on the date of the hearing, nor any other good reason for her failure to appear." Ex. 24 at 89, ECF 16-2. Further, the ALJ noted that he "considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing." *Id.* The ALJ thus concluded that "the request for hearing dated April 29, 2014 is dismissed and the determination dated March 11, 2014 remains in effect." *Id.* On March 30, 2016, the hearing office received Plaintiff's completed "Request to Show Cause for Failure to Appear" form, as well as additional documents. Podraza Decl. ¶ (3)(h) at 4, ECF No. 16-2 (citing Exs. 25–26). Over five years later, on September 30, 2021, Plaintiff filed the present complaint in Maryland state court, and on October 14, 2021, Plaintiff's case was removed to this Court for disposition.

## II.     **LEGAL STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

*LaTisha P. v. Kijakazi*
Civil No. SAG-21-2644
June 13, 2022
Page 4

Here, as mentioned, the Commissioner filed a motion to dismiss, or in the alternative, motion for summary judgment, on February 11, 2022. ECF No. 16. After receipt of the Commissioner's motion, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff. ECF No. 17. This notice alerted Plaintiff to the potential consequences of a failure to respond to the Commissioner's motion.[2] Indeed, Plaintiff submitted subsequent filings in response to the Commissioner's motion. *See* Pl.'s Mot. for Extension of Time, ECF No. 18; Pl.'s Second Mot. for Extension of Time, ECF No. 20; Pl.'s Response to Def.'s Mot., ECF No. 22.[3] Therefore, I find that Plaintiff received sufficient notice, by way of the title of Commissioner's motion and the information in the Rule 12/56 letter, that the Commissioner's motion may be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence pursuant to FRCP 12(d) and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

### III. ANALYSIS

The Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust his administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g.*, *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen v. City of New York*, 476

---

[2] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

[3] Plaintiff's response consists of over 100 pages of partially illegible medical records that appear to span between 2012 and 2022, but notably does not contain a written explanation either responding to Defendant's motion or explaining how the attached medical records support her complaint. Even if this Court were persuaded that the medical records should entitle Plaintiff to disability benefits, it could not grant relief because Plaintiff did not exhaust her administrative remedies as required. The question must be determined, in the first instance, by the SSA.

*LaTisha P. v. Kijakazi*
Civil No. SAG-21-2644
June 13, 2022
Page 5

U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

    In this case, the Commissioner argues that Plaintiff's complaint should be dismissed because "Plaintiff has failed to exhaust her administrative remedies and obtain a final decision of the Commissioner after a hearing before filing suit in this Court. Def.'s Br. 4, ECF No. 16-1. The Commissioner asserts that "jurisdiction remains with the [SSA] because Plaintiff did not pursue this administrative review process, and thus, there is no 'final decision' this Court may review." *Id.* at 5 (citing 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5)). Further, the Commissioner avers that because Plaintiff did not "show cause within the allotted time frame explaining why she did not appear," Plaintiff "has not completed the third or fourth steps of the administrative review process and[, therefore,] has failed to exhaust the administrative remedies available to her." *Id.* at 6. In the alternative, the Commissioner asks this Court "to grant summary judgment in favor of the Defendant," and adds, "even if this Court were to find that Plaintiff had exhausted her administrative remedies and received a final decision in March 2016, as apparently alleged in Plaintiff's Complaint, this action would be time barred because it was not filed within 60 days of the final decision as required by the Act. 42 U.S.C. § 405(g)." *Id.* at 8.

    Considering the foregoing, on the evidence before the Court, Plaintiff has not exhausted her administrative remedies. Plaintiff was required to timely exhaust her administrative remedies by appealing the ALJ's order of dismissal to the Appeals Counsel. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019) ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question."); *id.* at 1779–80 (quoting *Weinberger*, 422 U.S. at 765) ("[E]xhaustion serves to 'preven[t] premature interference with agency processes' and to give the agency 'an opportunity to correct its own errors,' 'to afford the parties and the courts the benefit of its experience and expertise,' and to produce 'a record which is adequate for judicial review.'"). Summary judgment is therefore appropriate against Plaintiff for her failure to exhaust administrative remedies.

### IV.    CONCLUSION

    For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 16, is treated as a motion for summary judgment and **GRANTED**. The Clerk is directed to **CLOSE** this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                           Sincerely yours,

                                           /s/
                                           Stephanie A. Gallagher
                                           United States District Judge