**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

December 18, 2024

**LETTER ORDER**

      Re:  LaTisha P. v. Martin O'Malley, Commissioner, Social Security Administration[1]
            Civil Case No. SAG-21-2644

Dear Plaintiff and Counsel:

On September 24, 2024, Plaintiff LaTisha P. ("Plaintiff"), proceeding *pro se*, filed a Motion to Reconsider ("Motion") the Court's June 13, 2022 Memorandum Opinion and Order (the "June 13, 2022, Decision") granting judgment in favor of the Social Security Administration ("SSA" or "Defendant" or "Commissioner") and closing the case due to Plaintiff's failure to exhaust administrative remedies. *See* ECF No. 25. Defendant filed a response in Opposition to the Motion on October 4, 2024. *See* ECF Nos. 27, 29. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, the Court will DENY Plaintiff's Motion.

A motion to reconsider may be construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *Nathaniel C. v. Comm'r, Soc. Sec.*, No. ELH-18-179, 2019 WL 2058786, at *1 (D. Md. May 9, 2019), *aff'd sub nom. Costley v. Comm'r, Soc. Sec.*, 788 F. App'x 180 (4th Cir. 2019) (internal citation omitted). Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60(b). *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). As such, "[t]he timing of the filing of the motion is the key factor in ascertaining which rule applies." *Nathaniel C.*, 2019 WL 2058786, at *1-2. The Fourth Circuit has stated that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411-12 (4th Cir. 2010). Plaintiff's Motion was filed on September 24, 2024, ECF No. 25, more than two years after the entry of the June 13, 2022, Decision, ECF Nos. 23, 24. Therefore, Rule 60(b) applies here.[2]

---

[1] Plaintiff filed this case against Commissioner, Social Security, on October 14, 2021. ECF No. 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Defendant asserts that Plaintiff "does not argue any of the three grounds for altering or amending the [Court's] judgment" pursuant to Rule 59(e). *See* ECF No. 27, at 1-3. Because Plaintiff filed her Motion more than 28 days after the Court's June 13, 2022, Decision, however, Rule 60(b) will govern.

LaTisha P. v. O'Malley
Civil Case No. SAG-21-2644
December 18, 2024
Page | 2

    Under Rule 60(b), a court may relieve a party from an adverse judgment if the party shows either: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." To obtain relief under Rule 60(b), "the moving party must demonstrate at least one of the six grounds for relief listed in Rule 60(b)."[3] *Robinson*, 599 F.3d at 411-13. "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal citation omitted).

    Though the Court has an obligation to liberally construe the filings of self-represented parties, it is not permitted to act as "an advocate for a *pro se* litigant." *Zaman v. Cmty. Coll. of Balt. Cty.*, No. JKB-17-3584, 2018 WL 1811520, at *2 (D. Md. Apr. 17, 2018); *see also Levy v. Howard Cnty.*, No. SAG-21-2800, 2022 WL 703927, at *1 (D. Md. Mar. 9, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nor can the Court "assume, or invent, facts outside the record in order to patch together a viable claim for a *pro se* plaintiff." *Zaman*, 2018 WL 1811520, at *2; *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented").

    Plaintiff does not specify which of the Rule 60(b) grounds she relies on for relief from judgment. To the extent that Plaintiff attempts to seek relief based on mistake, inadvertence, surprise, or excusable neglect, Plaintiff argues that she was unaware her case had been dismissed because she had not received "any paperwork" from the Court or the Commissioner. ECF No. 25, at 1. Defendant counters that Plaintiff received notice of the Commissioner's motion to dismiss for failure to state a claim as "is evidenced by her two motions to extend the time to file her response and, ultimately, by her filing a response to the Commissioner's [m]otion." ECF No. 27, at 2. As explained in the June 13, 2022, Decision, "Plaintiff submitted subsequent filings in response to the Commissioner's motion[;]" therefore, "Plaintiff received sufficient notice, by way of the title of Commissioner's motion and the information in the Rule 12/56 letter, that the Commissioner's motion may be converted to one for summary judgment." ECF No. 23, at 4.

---

[3] Additionally, the moving party must make a threshold showing that (1) the moving party's motion was timely made; (2) the moving party had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). The Court "need not address whether the movant satisfied the four threshold requirements, however, if [the Court] find[s] that the movant has not sufficiently satisfied one of the Rule 60(b) grounds for relief." *Robinson*, 599 F.3d at 412 n.12.

LaTisha P. v. O'Malley
Civil Case No. SAG-21-2644
December 18, 2024
Page | 3

Moreover, "[a] party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson*, 599 F.3d at 412; *see, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (finding that "a litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit"); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (finding that "[a] party has a duty of diligence to inquire about the status of a case"). Even if Plaintiff was unaware her case had been dismissed because she had not received the June 13, 2022, Decision, the Court finds that Plaintiff's Motion—filed over two years later—fails to show that she is entitled to relief based on mistake, inadvertence, surprise, or excusable neglect. *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) (concluding in the Rule 60(b) context that failure to receive notice of final judgment did not warrant relief, absent evidence that the official docket failed to reflect entry of final judgment).

Additionally, this is not a case where newly discovered evidence has become available. Plaintiff attempts to revive her claim by informing the Court that she can provide additional medical documents. ECF No. 25, at 1. However, as stated in the June 13, 2022, Decision, "[e]ven if this Court were persuaded that the medical records should entitle Plaintiff to disability benefits, it could not grant relief because Plaintiff did not exhaust her administrative remedies as required. The question must be determined, in the first instance, by the SSA." ECF No. 23, at 4 n.3.

The Court finds that none of the other enumerated grounds for relief under Rule 60(b) apply to Plaintiff's Motion. Plaintiff appears to argue that the case had "been at the administrative level in 2015-16" while she was in Florida, and that she did not "have to show up," potentially referring to her failure to appear at the Administrative Law Judge ("ALJ") hearing. ECF No. 25, at 1; *see* ECF No. 23, at 2-3. Defendant argues that reconsideration is improper because "Plaintiff never exhausted her administrative remedies." ECF No. 27, at 2-3. The Court agrees with Defendant's position. In the June 13, 2022, Decision, this Court found that Plaintiff had not exhausted her administrative remedies, concluding that "Plaintiff was required to timely exhaust her administrative remedies by appealing the ALJ's order of dismissal to the Appeals Coun[cil]." ECF No. 23, at 5.

Plaintiff's apparent disagreement with the Court's ruling on exhaustion grounds is not a basis for granting relief from judgment under Rule 60(b). *See Rodriguez v. Cellco P'ship*, No. WDQ-11-3299, 2013 WL 1192350, at *1 (D. Md. Mar. 21, 2013) ("A motion for reconsideration is not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request."); *see also Jackson v. Branch Banking & Tr. Co.*, No. TDC-14-3155, 2016 WL 1446783, at *1 (D. Md. Apr. 13, 2016), *aff'd*, 667 F. App'x 423 (4th Cir. 2016) (denying a Rule 60(b) motion after concluding that plaintiff "generally has reasserted the same facts and legal theories offered in the [c]omplaint and in response to the [m]otion to [d]ismiss, but has offered no basis for the Court to revisit its analysis of those theories."). Indeed, "'mere disagreement' with a court's legal analysis does not justify extraordinary relief under Rule 60(b)(6)'s 'catchall' provision." *Brault v. Trans Union, LLC*, No. GJH-18-3244, 2019 WL 7293396, at *4 (D. Md. Dec. 27, 2019) (internal citation omitted); *see Lamb v. Spencer*, No. PX-16-2705, 2019 WL 2921787, at *3 (D. Md. July 8, 2019) (denying a

motion pursuant to Rule 60(b)(6) because "mere disagreement does not meet the stringent requirements of Rule 60(b)(6)"); *Tyler v. AMTRAK*, No. PJM-15-1666, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016) (stating that Rule 60(b)(6) "may be invoked in only extraordinary circumstances"). Plaintiff's Motion does not show that she is entitled to relief from the Court's June 12, 2022, Decision ruling on exhaustion grounds based on any of the provisions under Rule 60(b).

Because there is no appropriate basis for reconsideration, Plaintiff's Motion to Reconsider, ECF No. 25, construed as a motion for relief from judgment under Rule 60(b), is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order. The Clerk is directed to MAIL a copy of this order to Plaintiff.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge